UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THESSALLY GRANT GRIFFIN, SR. and STAR GRIFFIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-CV-0023-CVE-FHM |
| MORTGAGEIT, INC., MIDWEST MORTGAGEIT 2006 CORPORATE PASS THROUGH CERTIFICATE SERIES 2006, REAL HOME SERVICES & SOLUTIONS, INC., ALTISOURCE RESIDENTIAL CORPORATION, KIVELL RAYMENT & FRANCIS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a/k/a MERS, previously names as Mortgage Electronic Systems, Inc., and JOHN DOE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: the Motion to Dismiss by Altisource Residential Corporation, Real Home Services & Solutions, Inc., and Midwest Mortgageit 2006, Corporate Pass Through Certificate Series 2006 (Dkt. # 9);[1] Defendant Mortgageit, Inc.'s Motion to Dismiss and Brief in Support (Dkt. # 22); Motion to Dismiss Amended Complaint and Brief in Support Thereof by Mortgage Electronic Registration Systems, Inc. (Dkt. # 26), and the Motion to Dismiss Amended Complaint and Brief in Support Thereof by Altisource Residential Corporation,

---

[1] Defendant Altisource Residential Corporation (Altisource) and other defendants filed a motion to dismiss (Dkt. # 9) the original complaint, but that motion is moot due to the filing of an amended complaint. Altisource has filed a motion to dismiss the amended complaint (Dkt. # 33).

Real Home Services & Solutions, Inc., Indymac Mortgage Service, Inc., Kivell, Rayment & Francis, P.C., and Midwest Mortgageit 2006, Corporate Pass Through Certificate Series 2006 (Dkt. # 33). Defendants argue that the Court lacks jurisdiction over this case, because plaintiffs are attacking the validity of a state court judgment and plaintiffs' claims are barred by the Rooker-Feldman doctrine. Dkt. # 22, at 3-4; Dkt. # 33-7. Plaintiffs have filed responses (Dkt. ## 34, 35) to the motions to dismiss, and they argue that the defendants committed fraud on the court in a state court foreclosure action and the Rooker-Feldman doctrine is inapplicable. Dkt. # 34, at 9.

## I.

Plaintiffs Thessally Grant Griffin, Sr. and Star Griffin claim that they owned mortgaged real property located at 14228 South Toledo Avenue, Bixby, Oklahoma, and that the lender for the mortgage was Mortgageit, Inc. (Mortgageit). Dkt. # 2, at 1, 4. Plaintiffs allege that Mortgageit sold their loan to another lender and they claim that the purchaser of the loan failed to take the necessary steps to perfect a security interest in the real property owned by plaintiffs. Id. at 4, 9. On August 10, 2010, Onewest Bank FSB (Onewest) filed a foreclosure action against the Griffins in Tulsa County District Court.[2] Dkt. # 9-1, at 1. Onewest also named other parties, including Victor and Chiku Griffin, who could have an interest in the property. Thessally Grant Griffin, Sr. filed a motion for summary judgment against Onewest, but the motion was stricken. Id. at 6. On June 21, 2011, the state court entered judgment in favor of Onewest and stated that:

---

[2] The parties have attached to their motions and responses copies of state court dockets sheets and records. The Court may take judicial notice of public records under Fed. R. Evid. 201 and this includes pleadings, docket sheets, and orders in this case and other related cases. Luis v. Argent Mortg. Co., LLC, 2013 WL 4483503 (N.D. Okla. Aug. 19, 2013); Marlin Oil Corp. v. Colorado Interstate Gas Co., 700 F. Supp. 1076, 1081 n.5 (W.D. Okla. 1988).

2

> The Court further finds that the Defendants, Thessaly Grant Griffin, Sr. and Star Griffin, have made default in the performance of the terms and conditions of said Note and Mortgage as alleged in Plaintiff's Petition and that Plaintiff is entitled to the foreclosure of the Mortgage sued upon in this cause as against all of the Defendants in and to this cause, and each of them.

Dkt. # 9-2, at 4. The Griffins did not appeal the judgment of foreclosure and the property was sold by the Tulsa County Sheriff. However, before the sale could be confirmed, Victor Griffin filed a bankruptcy petition and the state court took no action to confirm the sheriff's sale. Dkt. 9-1, at 10. The bankruptcy case was later dismissed and the state court entered an order confirming the sheriff's sale. Dkt. # 22-1, at 28.

After the sale was confirmed, Chiku Griffin filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Oklahoma, and he filed a notice of bankruptcy in the foreclosure action.[3] Id. at 136-37. Onewest sought a writ of assistance to prevent further interference with sale of the property, and the state court issued a writ of assistance. Id. at 13. On July 30, 2012, Thessaly and Star Griffin filed a quiet title action in Tulsa County District Court and, in a rambling 43 page petition, sought to have the ruling in the foreclosure action set aside and demanded that Onewest be prohibited from seeking to foreclose on the subject real property. Id. at 28-71. The quiet title action was dismissed. Id. at 140. Following the dismissal of the quiet title action, Star Griffin filed a bankruptcy petition and filed a notice of bankruptcy in the foreclosure action. Id. at 16. The bankruptcy petition was dismissed. Id. at 17. Thessaly and Star Griffin attempted to remove the foreclosure action to federal court. Onewest Bank, FSB v. Thessaly Grant

---

[3] The state court docket sheet and the records submitted by the parties do not show what happened in the bankruptcy case filed by Chiku Griffin.

Griffin, Sr. et al., 13-CV-322-TCK-PJC (N.D. Okla.). The case was remanded for the following reasons:

> (1) a final judgment was entered against these Defendants on June 21, 2011; (2) there are no pending claims to remove to this Court; (3) the Notice of Removal is untimely, as it was filed years after the entry of judgment and well outside the time limit for removal in 28 U.S.C. 1446(b); and (4) Defendants may not collaterally attack the state court judgment by "removing" the case to this Court.

Onewest Bank, FSB v. Thessaly Grant Griffin, Sr. et al., 13-CV-322-TCK-PJC (N.D. Okla. August 6, 2013).

Plaintiffs filed this case seeking a "judicial determination and declaration of its rights with regard to the Property and the corresponding Promissory Note and Mortgage." Dkt. # 6, at 9-10. Plaintiffs allege claims for wrongful foreclosure and civil conspiracy, and they allege that defendants have violated the Racketeering and Corrupt Organizations Act (RICO), the Hobbs Act, and the Fair Debt Collection Practices Act (FDCPA). Each of plaintiffs' claims is based on their assertion that Onewest had no right to foreclose on plaintiffs' home and they allege that defendants engaged in a conspiracy to commit fraud on the state court. Plaintiffs seek monetary damages and they ask the Court to declare that the judgment of foreclosure is invalid. Id. at 28-29.

## II.

Defendants asks the Court to dismiss plaintiffs' claims for lack of jurisdiction. When considering a motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial

4

> attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. Defendants rely on evidence outside the pleadings and the Court will construe their motions as a factual attack on the jurisdictional facts alleged by plaintiffs. When ruling on a factual attack on subject matter jurisdiction, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt, 46 F.3d at 1003); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (district court had authority to review evidence outside the pleadings without converting defendant's motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment). To defeat the defendants' Rule 12(b)(1) motion, "plaintiff[s] must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).

**III.**

Defendants argue that the Court lacks subject matter jurisdiction over this case, because plaintiffs are attempting to challenge the validity of a state court judgment and this type of claim can be raised only to a state appellate court. Plaintiffs respond that defendants committed fraud in the foreclosure action and the Rooker-Feldman doctrine is inapplicable.

In <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), the Supreme Court held that a state court litigant must appeal an adverse ruling to a state court of appeals and a federal district court lacks jurisdiction to review a state court ruling. This limitation on the jurisdiction of the lower federal courts is known as the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" <u>Lance v. Dennis</u>, 546 U.S. 459, 460 (2006) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005)). Federal courts are also prohibited from hearing any claim "inextricably intertwined" with a state court judgment. <u>Tal v. Hogan</u>, 453 F.3d 1244, 1256 (10th Cir. 2006). However, "[w]hen the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state court action." <u>Bolden v. City of Topeka</u>, 441 F.3d 1129 (10th Cir. 2006). A federal district court must distinguish between claims that truly challenge the validity of a state court judgment and claims that attempt to relitigate an issue decided by a state court that is subject to issue or claim preclusion. <u>In re Miller</u>, 666 F.3d 1255, 1261-62 (10th Cir. 2012).

Plaintiffs have alleged claims for relief under theories of wrongful foreclosure, RICO conspiracy, Hobbs Act conspiracy, civil conspiracy, and alleged violations of the FDCPA, and plaintiffs seek monetary damages, injunctive relief, and declaratory relief. The Tenth Circuit has found that the Rooker-Feldman doctrine bars claims challenging a judgment in a state court

6

foreclosure action. Castro v. Kondaur Capital Corp., 541 F. App'x 833 (10th Cir. Sep. 25, 2013);[4] Dillard v. Bank of New York, 476 F. App'x, 690, 692 (10th Cir. Apr. 3, 2012). Other federal courts have also applied the Rooker-Feldman doctrine to prevent a losing party from raising federal claims that are more properly treated as an appeal of an adverse decision in a state court foreclosure action. Russo v. GMAC Mortg., LLC, 549 F. App'x 8 (2d Cir. Dec. 6, 2013); Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642 (7th Cir. 2011). Plaintiffs argue that the Rooker-Feldman doctrine does not apply because defendants procured a judgment in the foreclosure action through fraudulent conduct. Dkt. # 35, at 9. However, plaintiffs have already made the same allegations of fraud in the foreclosure and quiet title actions in state court, and these allegations were rejected by the state court. See Dkt. # 22-1, at 32, 95-96. Plaintiffs could have sought relief from the state appellate courts based on these allegations of fraud, but plaintiffs' belief that the judgment of foreclosure was obtained by means of fraud does not bar application of the Rooker-Feldman doctrine. See Tal, 453 F.3d at 1256-57 (allegations of fraud do not prevent application of Rooker-Feldman doctrine when the same allegations were raised in state court).

The Court has reviewed plaintiffs' amended complaint (Dkt. # 6) and it is clear that plaintiffs' claims for wrongful foreclosure (first cause of action), RICO conspiracy (second cause of action), violation of the Hobbs Act (third cause of action), civil conspiracy (fourth cause of action, and their claim for declaratory relief (sixth cause of action) are barred under the Rooker-Feldman doctrine. These claims directly challenge the validity of the state court judgment and are based on plaintiffs' assertions that Onewest had no legal right to foreclose on the subject real property.

---

[4]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Plaintiffs cannot challenge the validity of the judgment of foreclosure in this Court, and plaintiffs must raise such claims to the state appellate courts. As to plaintiffs' claim alleging violations of the FDCPA, it is possible that plaintiffs could have stated a claim that does not attempt to impugn the validity of the judgment of foreclosure if the claim were limited to unfair debt collections practices, and this type of claim would not necessarily be barred by the Rooker-Feldman doctrine. <u>Castro</u>, 541 F. App'x at 837-38. However, plaintiffs are asserting an FDCPA claim based on defendants' alleged lack of standing or right to foreclose on the subject real property, and this issue is inextricably intertwined with the judgment entered by the state court. Plaintiffs are essentially using the FDCPA as another means to assert a wrongful foreclosure claim against defendants, and this is properly treated as an attack on the judgment of foreclosure. The Court finds that all of plaintiffs' claims directly challenge the validity of the judgment entered in the foreclosure action, and this Court lacks jurisdiction to review a final judgment entered by a state court. Thus, plaintiffs' claims should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant Mortgageit, Inc.'s Motion to Dismiss and Brief in Support (Dkt. # 22); Motion to Dismiss Amended Complaint and Brief in Support Thereof by Mortgage Electronic Registration Systems, Inc. (Dkt. # 26), and the Motion to Dismiss Amended Complaint and Brief in Support Thereof by Altisource Residential Corporation, Real Home Services & Solutions, Inc., Indymac Mortgage Service, Inc., Kivell, Rayment & Francis, P.C., and Midwest Mortgageit 2006, Corporate Pass Through Certificate Series 2006 (Dkt. # 33) are **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that the Motion to Dismiss by Altisource Residential Corporation, Real Home Services & Solutions, Inc., and Midwest Mortgageit 2006, Corporate Pass Through Certificate Series 2006 (Dkt. # 9) is **moot**.

**DATED** this 22nd day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE